IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

TIMOTHY WOODS, #185 448,          *

    Plaintiff,                  *

    v.                          *       2:11-CV-240-ID
                                               (WO)
BULLOCK COUNTY JAIL, *et al.*,    *

    Defendants.                 *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff complains that Defendants failed to provide him with adequate medical care and treatment during his incarceration at the Bullock County Jail located in Union Springs, Alabama. Named as defendants are the Bullock County Jail, the Bullock County Sheriff's Department, the Bullock County Jail Medical Staff, Dr Janice Hooks, Dr. Saddiq, Sheriff Raymond Rodgers, and Jail Administrator Kirk Prichard.  Plaintiff seeks damages.

    Upon review of the complaint, the court concludes that  Plaintiff's claims against the Bullock County Jail, the Bullock County Sheriff's Department, the Bullock County Jail Medical Staff, and Dr. Hooks are due to be dismissed prior to service pursuant to the

provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

*A. The Bullock County Jail and the Bullock County Sheriff's Department*

The Bullock County Jail and the Bullock County Sheriff's Department are not legal entities subject to suit or liability under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims for relief against these defendants are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

*B. The Bullock County Jail Medical Staff*

Plaintiff names the "Bullock County Jail Medical Staff" as a defendant. The Federal Rules of Civil Procedure do not provide for fictitious party practice as it is incompatible with federal procedure. *See* Rule 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties . . ."); *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court and plaintiff's failure to name parties required that court strike parties.); *Watson v. Unipress*, 733 F.2d 1386, 1388 (10th Cir. 1984) (plaintiff did not amend her complaint with identities of unknown

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

defendants, and, therefore, no one directly involved in incident was named as defendant.). In light of the foregoing, Plaintiff's claims for relief against this fictitious defendant are subject to dismissal.[2]  *See* 28 U.S.C. § 1915(e)(2)(B)(i)

*C. Dr. Janice Hooks*

Plaintiff names Dr. Hooks as a defendant. Dr. Hooks examined Plaintiff during his brief incarceration at the Macon County Jail around the time the actions about which he complained occurred.  According to Plaintiff's complaint, as amended, Dr. Hooks examined him in regard to his complaints of pain to his arm whereupon she discovered that he had a torn ligament in his left arm.  Dr. Hooks "then immediately scheduled [him] to see a specialist." (*Doc. Nos. 1, 6*.)

Plaintiff's claim of inadequate medical care against Dr. Hooks is subject to dismissal, based on the facts alleged in the complaint, as amended.  In order to state a claim under 42 U.S.C. § 1983 based on a failure to provide adequate medical treatment, Plaintiff must allege that he has a serious medical condition and that prison officials are deliberately indifferent to his needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000).  In essence, a claim for inadequate medical care under the Eighth Amendment requires a showing that the treatment rendered was "so grossly incompetent,

---

[2] If Plaintiff ascertains the true names of "Bullock County Jail Medical Staff" who allegedly violated his constitutional rights, he may file a motion to amend his complaint for the court's consideration in accordance with the directives contained in the order of procedure.

inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).

Deliberate indifference is shown by establishing that the defendant had actual knowledge or awareness of an obvious risk to a plaintiff's serious medical need and failed to take steps to abate that risk. It may be demonstrated by either actual intent or reckless disregard. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and he must also draw the inference." *Id*. at 837.

Here, Plaintiff acknowledges that Dr. Hooks examined his injured arm and recommended that he immediately be seen by a specialist. There is no indication or allegation that requests to Dr. Hooks for medical care were ignored. Furthermore, no facts have been alleged which indicate that Defendant Hooks' conduct exposed him to a serious risk of harm or that she in any way disregarded a substantial risk to his health. Plaintiff's complaint reflects that he was housed very briefly at the Macon County Jail. Nonetheless, he was seen by medical personnel during this time and a course of medical care was suggested. To the extent Plaintiff expresses his dissatisfaction with the physician's response and/or treatment suggestion on this one occasion and/or his belief that he did not receive a

proper course of treatment, such, without more,[3] fails to state a violation of his constitutional rights. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). In light of the foregoing, the court concludes that Plaintiff's complaint against Dr. Hooks is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Bullock County Jail, the Bullock County Sheriff's Department, Bullock County Jail Medical Staff, and Dr. Janice Hooks be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Bullock County Jail, the Bullock County Sheriff's Department, the Bullock County Jail Medical Staff, and Dr. Janice Hooks be DISMISSED as parties to this cause of action; and

3. This case, with respect to the claims against the remaining defendants, be referred back to the undersigned for appropriate proceedings.

It is further

---

[3] There is no indication that Defendant's alleged conduct rose to the level of deliberate indifference to a serious medical need.

ORDERED that **on or before June 6, 2011**, the parties are DIRECTED to file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of May, 2011.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE