IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:11-CV-240-WKW |
| | ) [WO] |
| SHERIFF RAYMOND RODGERS, | ) |
| *et al.*, | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on March 31, 2011 while incarcerated at the Limestone Correctional Facility in Harvest, Alabama.[1] He alleges that while detained at the Bullock County Jail on April 1, 2009 Defendant Raymond Rogers subjected him to excessive force in violation of his Eighth Amendment rights. Plaintiff further complains that he was denied adequate medical treatment for the injuries he sustained during the excessive force incident. Named as defendants are Sheriff Raymond Rogers, Jail Administrator Kirk Pritchett, and Dr. Siddiq. Plaintiff seeks an award of $1 million in damages.

**I. DISCUSSION**

*A. Defendant Siddiq*

Pursuant to the orders of this court, Defendant Siddiq filed an answer and written report, including supporting evidentiary material, addressing Plaintiff's claims for relief.

---

[1] During the pendency of this action Plaintiff was released from prison.

(*Doc. Nos. 11, 12*.) The court informed Plaintiff that Defendant Siddiq's special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. (*See Doc. No. 37*.)   Upon consideration of Defendant Siddiq's uncontested dispositive motion and evidentiary materials filed in support, the court concludes that the motion for summary judgment should be granted.

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477

---

[2] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendant has met his evidentiary burden and demonstrated the absence of any genuine dispute of material fact with respect to the claims properly before this court. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most

favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

According to the complaint, Bullock County law enforcement officials arrested Plaintiff on April 1, 2009 on drug charges and transported him to the Bullock County Jail. Shortly after his arrest Plaintiff complains that Defendant Rodgers subjected him to excessive force causing injury to his left arm. The day after the injury occurred, Plaintiff states he was temporarily transferred to the Macon County Jail. Medical personnel at this facility examined Plaintiff's arm and determined that he had torn a ligament. The doctor proceeded to schedule an appointment for Plaintiff with a specialist. In the meantime, Plaintiff was transferred back to the Bullock County Jail. Defendants Rodgers and Pritchett had Plaintiff examined by their jail physician who stated that Plaintiff "was not gonna die from [his injury], and prescribed him ibuprofen and antibiotics. Plaintiff contends that jail officials then "hurried up and sent [him] to prison." (*Doc. No. 1*.)

Dr. Siddiq recalls examining Plaintiff on one occasion at the Bullock County Jail in the Spring of 2009. In his professional opinion, he did not see any need for surgical intervention for Plaintiff's torn ligament. Dr. Siddiq determined that the injury was not new and with the exception of providing Plaintiff with pain medication, the physician did not find

4

that he required any further medical treatment. Dr. Siddiq affirms that he did not at any time refuse to treat or see Plaintiff nor did he delay Plaintiff's receipt of any necessary medical treatment.[3] (*Doc. No. 12, Siddiq Affidavit*.)

In order for Plaintiff to prevail on his allegation that Dr. Siddiq failed to provide him with adequate medical treatment, he must show that the physician acted with deliberate indifference to his serious medical condition.[4] *See Farmer v. Brennan*, 511 U.S. 825 (1994) *Thornton v. City of Montgomery*, 78 F. Supp. 1218, 1225 (M.D. Ala. 1999), *aff'd*, 228 F.3d 414, 415 (11th Cir. 2000 ( table)). "Deliberate indifference" requires that the official know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. The official "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. (emphasis

---

[3] Dr. Siddiq is the medical director at the Bullock Correctional Facility in Union Springs, Alabama. He occasionally sees and treats inmates incarcerated at the Bullock County Jail. Because Plaintiff was incarcerated at the Bullock County Jail when Dr. Siddiq examined him, he does not have copies of Plaitniff's medical records which are in the custody of the Bullock County Sheriff's Office. (*Doc. No. 12, Siddiq Affidavit*.)

[4] At the time the actions about which Plaintiff complains occurred, it appears that he was a pre-trial detainee. The standard of review, therefore, is technically under the Fourteenth Amendment rather than the Eighth Amendment as pretrial detainees are protected from conduct that amounts to punishment under the Due Process Clause of the Fourteenth Amendment. *See Lancaster v. Monroe County*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997) (A government official's treatment of a pre-trial detainee is governed by the Due Process Clause of the Fourteenth Amendment . . . while the Cruel and Unusual Punishment Clause of the Eighth Amendment governs an official's treatment of a convicted prisoner.") (citations omitted). With respect to the applicable standard of review regarding Plaintiff's claim of inadequate medical care, however, this is a distinction without difference. For analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Marsh v. Butler County, Ala.*, 225 F.3d 1243, 1256 (11th Cir. 1000); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985); *Edwards v. Gilbert,* 867 F.2d 1271, 1274 (11th Cir.1989). Even if Plaintiff was incarcerated in the Bullock County Jail as a convicted prisoner at the time of the incident about which he complains, the court's standard of review with regard to his claim would be the same as if the court considers him to have been a detainee.

added). Deliberate indifference suggests a state of mind more blameworthy than negligence. *Id*. at 835. A "serious medical condition" is an objectively serious medical need, that if left unattended, poses a serious risk of serious harm. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal citations omitted).

Deliberate indifference may be demonstrated by either actual intent or reckless disregard. " *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837. Under this standard, a prison or medical official does not act with indifference by providing medical care that is different from that which an inmate desires. *See Hamm*, 774 F.2d at 1575. Further, a showing of negligence, neglect, or medical malpractice is insufficient to establish a constitutional violation. *Rogers*, 792 F.2d at 1058; *see also Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). Further, delay or even denial of medical treatment for superficial, non-serious physical conditions does not constitute an Eighth Amendment violation. *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188-89 (11th Cir. 1994).

The court understands Plaintiff to complain that Dr. Siddiq denied him adequate medical treatment for the torn ligament in his arm despite knowing he had a serious medical need. The undisputed evidentiary material before the court, however, reflects that Dr. Siddiq

was responsive to Plaintiff's request for medical care by providing examination and treatment of his injury and prescribing medication designed to alleviate his discomfort and/or pain. (*Doc. No. 12, Siddiq Affidavit*.)

No evidence has been presented tending to show that Dr. Siddiq demonstrated deliberate indifference towards Plaintiff's medical needs by intentionally or deliberately delaying or withholding necessary medical treatment, or by interfering with his ability to access such treatment. Plaintiff fails to present any evidence demonstrating that Dr. Siddiq in any way disregarded a substantial risk to his health by purposely delaying or denying him adequate medical treatment. To the extent Plaintiff's claim against Dr. Siddiq is that the physician could have done more for his medical condition, or alternatively, that he disagrees with what was actually done, such assertions do not support a claim under § 1983. *Hamm*, 774 F.2d at 1575. The court, therefore, finds that Defendant Siddiq's motion for summary judgment is due to be granted.

### B. Defendants Rodgers and Pritchett

This matter is also before the court on Defendants Rodgers' and Pritchett's ("the County Defendants") motion to dismiss. In support of their motion to dismiss, the County Defendants argue that Plaintiff's complaint against them is due to be dismissed because Plaintiff failed to exhaust an administrative remedy available to him at the county jail as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, the County Defendants maintain that, with respect to the claims presented against them in the instant

complaint, Plaintiff failed to exhaust the administrative remedies available to him at the Bullock County Jail via the jail's inmate grievance procedure as he failed to file any type of grievance about the allegations made the basis of his complaint. (*Doc. Nos. 25, 46*.)

In accordance with the order of the court (*see Doc. No. 26*), Plaintiff was informed that he could oppose the granting of the County Defendants' motion to dismiss. This case is now pending before the court on the County Defendants' motion to dismiss and Plaintiff's response. (*Doc. Nos. 25, 30, 34, 46*.) Upon consideration of the County Defendants' dispositive motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the court concludes that the County Defendants' motion to dismiss is due to be granted and this case against them dismissed with prejudice as Plaintiff failed to exhaust an available administrative remedy.

The Eleventh Circuit has held that "[b]ecause exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense ... is not ordinarily the proper subject for summary judgment; instead, it should be raised in a motion to dismiss ..." *Bryant v. Rich,* 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotation marks omitted). The court determined that a district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record. *Id.* at 1376. Accordingly, parties may submit documentary evidence concerning the exhaustion issue and doing so will not require the conversion of the motion

to dismiss into a summary judgment motion. *Id*. at 1377 n. 16.

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Id*. at 2387 (emphasis added).

The Supreme Court in *Woodford* determined "[proper exhaustion] means . . . that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." 126 S.Ct. at 2384. The Court further explained "[p]roper exhaustion demands compliance with

an agency's deadlines and other critical procedural rules [prior to seeking relief from a federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386. This interpretation of the PLRA's exhaustion requirement "carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective." *Id*. at 2388. Consequently, a prisoner cannot "proceed . . . to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the PLRA did not create such a toothless scheme." *Id*. Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *See Booth,* 532 U.S. at 741 n. 6 ( "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." ); *Cox v. Mayer,* 332 F.3d 422, 424-28 (6th Cir. 2003) (holding that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody); *see also Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999).

In support of their exhaustion argument, the County Defendants affirm that, at all times

10

relevant to this litigation, the Bullock County Jail had available an inmate grievance procedure. (*See Doc. Nos. 25, 46.*) This administrative remedy is available to all Bullock County Jail inmates, including Plaintiff at the time of his incarceration there. (*Doc. No. 46, Exhs. A-C.*) Defendants maintain that Plaintiff did not exhaust the inmate grievance procedure regarding the matters made the subject of his complaint prior to being transferred from the Bullock County Jail. (*Doc. No. 25; Doc. No. 46, Exhs. A, B.*) In opposition to Defendant's dispositive motion, Plaintiff does not deny that he is required to exhaust administrative remedies. (*Doc. No. 30.*) Rather, Plaintiff maintains that jail officials told him the jail did not have a grievance process available. (*Id.*) Plaintiff goes on to state, however, that right after the incident with Defendant Rodgers occurred, he "immediately started voicing oral grievances [but neither Defendant Rodgers] nor the jail officials would give Plaintiff a grievance form." (*Id.*) He further claims that he attempted to file a grievance against the County Defendants on the date of the injury but the next morning he was transferred to the Macon County Jail. (*Id.*)

The record in this case establishes that the Bullock County Jail provides a grievance procedure for inmate complaints and that this grievance procedure was available to Plaintiff during his incarceration at the jail. (*See Doc. No. 46, Exhs. A, B.*) The Bullock County Jail Administrator receives completed grievance forms from inmates and will attempt to resolve the grievance. (*Id. at Exhs. A-C.*) If the jail administrator cannot resolve the grievance, the grievance is forwarded to the Bullock County Sheriff for resolution. (*Id.*) Decisions of the

jail administrator may be appealed by an inmate in writing to the Bullock County Sheriff within 72 hours of the inmate's receipt of the jail administrator's decision. (*Id.*) The County Defendants maintain that a search of the records of the Bullock County Jail failed to reveal any grievances filed by Plaintiff. (*Id.*) The County Defendants further assert that they do not recall Plaintiff requesting grievance forms or making any oral complaints of mistreatment or injury during his incarceration at the jail. (*Id.*)

      The court has carefully reviewed the pleadings, documents, and records filed herein and finds that Plaintiff has failed to make a colorable showing that he properly exhausted the administrative remedies available to him at the county jail or demonstrated that he was denied access to those administrative procedures during his incarceration at the facility. Plaintiff relies on his own conclusory allegations that the Bullock County Jail did not have an available grievance procedure and makes the further contradictory argument that he attempted to comply with the jail's administrative remedies by filing a grievance but was denied a grievance form and/or was transferred from the Bullock County Jail before he could submit a grievance. (*Doc Nos. 1, 30.*) Plaintiff does not identify the officers who allegedly refused him grievance forms and/ or told him there was no grievance process available nor does he provide specific dates of these instances. Plaintiff simply provides no facts or evidence which tend to establish that he took advantage of and/or properly exhausted the administrative remedies available to him at the Bullock County Jail with respect to those allegations made the basis of the instant complaint. Additionally in regard to Plaintiff's

12

assertion that he was transferred from the Bullock County Jail before he could file a grievance, the County Defendants' undisputed evidentiary material reflects that Plaintiff was incarcerated at the Bullock County Jail from April 1, 2009 through May 6, 2009, from May 11, 2009 through June 27, 2009, and from July 22, through August 27, 2009. (*Doc. No. 34, Exhs. 1-3*.) The County Defendants, therefore, maintain that Plaintiff had sufficient time and opportunity to submit a grievance regarding the subject matter of the instant case. (*See Doc. No. 34, Pritchett Affidavit and Exhs. 1, 2*.)

This court may properly resolve this factual issue relating to exhaustion, *see Bryant v. Rich,* 530 F.3d 1368, 1374 (11th Cir. 2008), and finds that the facts do not support Plaintiff's interference/futility arguments. As noted, exhaustion of available remedies applies to all prisoners in any facility, it is mandatory, and may not be waived by the Court. *See Alexander,* 159 F.3d at 1324-26 (exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or *Bivens* ); *see also Porter,* 534 U.S. 516. Furthermore, this court may not consider the adequacy or futility of administrative remedies, but only the availability of such. *Higginbottom v Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing Alexander,* 159 F.3d at 1323.

In sum, Plaintiff's allegations regarding the inability to grieve his claims are generalized, vague, unsupported, and contradictory. The court is persuaded by the evidence before it that the grievance process was available to Plaintiff during his incarceration at the Bullock County Jail and he failed to avail himself of that process. Accordingly, the court

concludes that the claims for relief presented in this cause of action against the County Defendants are subject to dismissal with prejudice as Plaintiff failed to exhaust an available administrative remedy which is a precondition to proceeding in this court on his claims. *Woodford*, 548 U.S. at 87-94; *see Bryant*, 530 F.3d at 1375 n.11; *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (Inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no special circumstances justified the failure to exhaust.).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant Siddiq's motion for summary judgment (*Doc. No. 12*) be GRANTED.

2. This case with respect to Defendant Siddiq be DISMISSED with prejudice.

3. Defendants Rodgers' and Pritchett's motion to dismiss (*Doc. No. 25*) be GRANTED for Plaintiff's failure to exhaust available administrative remedies.

4. Plaintiff's complaint against Defendants Rodgers and Pritchett be DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him during his confinement in the Bullock County Jail.

5. The costs of this proceeding be taxed against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **February 24, 2012** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of February, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE